NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30418
19-JUL-2011
07:51 AM**

NO. 30418

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
TERRENCE D. PALMER, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CRIMINAL NO. 09-1-0043(3))


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Terrence D. Palmer (**Palmer**) appeals from the Judgment filed on February 9, 2010, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]  After a jury trial, Palmer was found guilty of the following offenses:  Unlawful Imprisonment in the First Degree (**Imprisonment 1**) (Count 1);[2] Terroristic Threatening in the First Degree (**TT1**) (Count 2);[3] Abuse of Family or Household Member (**Household Abuse**) (Count

---

[1]    The Honorable Joseph E. Cardoza presided.

[2]    Hawaiʻi Revised Statutes (**HRS**) § 707-721 (Supp. 2010) provides, in relevant part:  "A person commits the offense of unlawful imprisonment in the first degree if the person knowingly restrains another person under circumstances which expose the person to the risk of serious bodily injury."

[3]    HRS § 707-716(1)(e) (Supp. 2007) provides:  "A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening . . . [w]ith the use of a dangerous instrument."

3);[4] and Assault in the Third Degree (**Assault 3**) (the lesser included offense of Count 4).[5] Palmer was sentenced to five years of imprisonment in each of Counts 1 and 2, and one year of imprisonment in each of Counts 3 and 4, with the sentences in Counts 2, 3, and 4 to run concurrently with each other, and Count 1 to run consecutively to Counts 2, 3, and 4.

On appeal, Palmer argues that: (1) the Circuit Court erred in convicting him of Imprisonment 1 because the State of Hawai'i (**State**) failed to present sufficient evidence that he restrained the complainant (**Complainant**) under circumstances which exposed her to the risk of serious bodily injury; and (2) the Circuit Court plainly erred in failing to give a merger instruction, pursuant to HRS § 701-109(1)(e),[6] regarding the charge of Household Abuse and the charge of Assault in the Second Degree (**Assault 2**), or the included offense of Assault 3.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Palmer's points of error as follows:

---

[4] HRS § 709-906 (1993 & Supp. 2010) provides, in relevant part: "It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer[.]"

[5] HRS § 707-712(1)(a) (1993) provides: "A person commits the offense of assault in the third degree if the person . . . [i]ntentionally, knowingly, or recklessly causes bodily injury to another person[.]"

[6] HRS § 701-109 (1)(e) (1993) provides:

§701-109. **Method of prosecution when conduct establishes an element of more than one offense.** (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:

. . . .

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

(1)  We conclude that, viewing the evidence presented at trial in the strongest light for the prosecution, the State adduced sufficient evidence to support a conviction for Imprisonment 1.  See HRS §§ 707-721, 702-206(2) (1993), & 707-700 (1993).  The evidence included, *inter alia*, testimony that Palmer "restrained," or "restrict[ed]" Complainant's "movement in such a manner as to interfere substantially with" her "liberty . . . [b]y means of force . . . [or] threat," as required under HRS § 707-700, by touching the knife to the side of Complainant's neck, at her throat.  There was substantial evidence that the circumstances "expose[d]" Complainant "to the risk of serious bodily injury," as set forth in HRS § 707-721, including that Palmer's holding the knife against the side of Complainant's neck created a substantial risk of death, § 707-700, especially considering the testimony that he contemporaneously threatened to kill her, and that he had been drinking and flinging a knife, which he then stuck into the kitchen cabinet.  Evidence was also adduced that Palmer would not allow Complainant to leave the small master bathroom -- where he pushed her about a dozen times, including at least three times into the wall and once into the bathtub, hurting her side, and whacked her head against a door, causing her to lose one of her porcelain crowns.  In addition, the State presented evidence that Palmer had locked and taken the only key to the deadbolt on the front door, refused entry to the police, and called Complainant his "hostage."  Accordingly, we conclude that the record contains sufficient evidence that Palmer committed Imprisonment 1.

(2)  We conclude that the Circuit Court erred by failing to instruct the jury that if it found Palmer guilty of both Household Abuse and Assault 2 or Assault 3, the jury must determine whether the State had proven beyond a reasonable doubt that the offenses did not merge.  HRS § 701-109 (1)(e) (1993); State v. Matias, 102 Hawai'i 300, 305-06, 75 P.3d 1191, 1196-97

3

(2003); <u>State v. Frisbee</u>, 114 Hawai'i 76, 80 & 83, 156 P.3d 1182, 1186 & 1189 (2007); HRS §§ 707-711(1)(a) (1993 & Supp. 2008), 707-712(1)(a), & 709-906(1); <u>State v. Padilla</u>, 114 Hawai'i 507, 517, 164 P.3d 765, 775 (App. 2007). The State concedes that the Circuit Court erred in failing to give a merger instruction and has indicated its election that Palmer's Assault 3 conviction be dismissed.

For these reasons, we vacate the Circuit Court's February 9, 2010 Judgment, in part, and remand this case to the Circuit Court for the dismissal of Count 4, with prejudice, and for the entry of an amended judgment and sentence consistent with this summary disposition order. In all other respects, we affirm.

DATED: Honolulu, Hawai'i, July 19, 2011.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant

Artemio C. Baxa
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4